# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 25, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KIERSTYN C.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-200**          (Fam Ct. Kanawha Cnty. No. 19-D-417)

**JUSTIN B.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kierstyn C.[1] ("Mother") appeals the April 18, 2023, final order of the Family Court of Kanawha County, which denied her motion for reconsideration regarding where the parties' child would reside during the school year. Respondent Justin B. ("Father") filed a response in support of the family court's decision.[2] Kierstyn C. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of O.R.B., born in August of 2017. Mother resides in Kanawha County, West Virginia and Father resides in Wayne County, Michigan. On September 9, 2019, the family court entered an agreed final parenting order where the parties agreed to exercise an equally shared, month on/month off parenting schedule for their child who was less than two years old at the time and not yet enrolled in school. From 2019 until 2022, the child resided alternating months in Michigan with Father and in West Virginia with Mother.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Kierstyn C. is represented by Timothy A. Bradford, Esq. Justin B. is represented by Beverly Hall, Esq.

On May 9, 2022, Mother filed a petition for modification, citing a substantial change in circumstances. Specifically, her petition was based upon the parties' child beginning kindergarten in August of 2022. Mother asserted that the child's school enrollment rendered the parties' equal shared month on/month off parenting schedule in different states unfeasible and requested that the parenting plan be modified to permit the child to attend school in West Virginia. On June 24, 2022, Father filed an answer and counter petition for modification and a petition for contempt,[3] requesting that the parenting plan be modified to permit the child to attend school in Michigan. Following mediation, the parties reached an agreement on all issues except which parent would be designated the "school parent" and which parent would be designated the "non-school parent" under their mediated parenting plan, and accordingly it remained undecided in which state the child would attend school.

The family court held a final hearing on August 3, 2022. Father presented testimony that Triumph Academy, in Michigan, was a private public school that offered a S.T.E.M. program and was superior to West Virginia schools.[4] He further testified that he had a backup plan if something was to go awry with the child attending Triumph Academy. Mother presented testimony that the child's friends attend Anne Bailey Elementary School, in West Virginia, and although it seemed "crowded" it was where child would attend if Mother was designated the "school parent." The family court expressed concerns about the child riding a bus to school in West Virginia due to Mother's work schedule, as the child would be reliant on third parties getting her on and off the bus. Also, there was already a history of problems with exchanging the child between the parents due to Mother's lack of reliable transportation.

On September 15, 2022, the family court entered a final order designating Father as "school parent" and Mother as "non-school parent." The family court found that Triumph Academy in Michigan offered greater educational opportunities for the child than Anne Bailey Elementary in West Virginia. The family court further found that since Father was a stay-at-home parent, he could personally get the child on and off the bus daily.

Based upon evidence adduced, the family court found that neither Mother, nor any adult in her household had a driver's license or vehicle; however, Father and his fiancée each possessed a driver's license and shared a vehicle. Therefore, the family court found that Father was best suited to be designated as the school parent because he had the best means and ability to provide reliable transportation for the child. The final order stated:

---

[3] Father's petition for contempt was based on Mother's transportation issues with the child during custody exchanges.

[4] S.T.E.M. education is a teaching approach that combines science, technology, engineering, and math.

The Court finds that two considerations weigh the most heavily in favor of naming Father as the school parent, including, (1) the educational/school opportunity for the child in Michigan and (2) Father's ability to provide reliable transportation for the child. Father's availability as a stay-at-home parent, and history of being actively involved with medical appointments and educational activities for the child provides further support for that decision.

On August 5, 2022, Father enrolled the child in Triumph Academy, where she was placed on a waitlist. He subsequently enrolled her into Sterling Elementary, where she was immediately accepted and able to start kindergarten for the 2022-2023 school year. On September 14, 2022, the child was accepted into Triumph Academy.[5] Father sought to transfer the child to Triumph Academy, but Mother requested that the child not be transferred because she was already "established" in her current school. Father acquiesced to Mother's wishes.

On October 20, 2022, approximately thirty-five days after the family court's September 15, 2022, final order was entered, Mother filed a motion for reconsideration.[6] In her motion, she argued that Father had misrepresented to the court that the child would be enrolled in Triumph Academy and that he could meet the child's transportation needs, and thus, the family court should reconsider its ruling designating Father as "school parent."

On January 31, 2023, the family court held a hearing on Mother's motion for reconsideration. Mother offered the same or similar evidence that was considered at the modification hearing, including medical, transportation, housing, school/education, and connection to family. The family court found that the evidence presented by Mother was either offered previously or was available to her at the time of the final hearing, which she failed to present. Mother also presented some new information reflecting changes that had occurred, such as the child attending Sterling Elementary instead of Triumph Academy; however, the only testimony offered by Mother in support of Anne Bailey Elementary was that the child has friends in attendance, which the court previously considered.

---

[5] Triumph Academy's start date was August 29, 2022.

[6] Pursuant to Rule 13 of the West Virginia Rules of Appellate Procedure, an appeal to this Court from a family court's final order must be filed within thirty days of the final order's entry. "If a motion for reconsideration has been properly filed within the time period to file an appeal, the time for filing an appeal is extended until thirty days after entry of the final order on the motion for reconsideration by the family court." W. Va. Fam. Ct. R. 28 (2023).

3

On April 18, 2023, the family court entered a final order finding that Mother failed to meet her burden of demonstrating any lawful basis or justifiable reason to reconsider the final modification order pursuant to West Virginia Code § 51-2A-10 (2001),[7] and that the motion was a means to relitigate issues and present evidence that was available to her at the time of the final modification hearing. The family court also found that information relating to changes did not warrant reconsideration, thus, denying Mother's motion for reconsideration. It is from the family court's final order denying her motion for reconsideration that Mother now appeals.

For this matter, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P*., 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

Mother asserts two assignments of error on appeal. First, Mother asserts that the family court's designation of Father as "school parent" was based on the court's "understanding" that the child would be enrolled and accepted into Triumph Academy. She further asserts that the educational opportunity of Triumph Academy weighed heavily in Father's favor and because of Father's misrepresentation, the court was unable to consider how Anne Bailey Elementary compared to that of Sterling Elementary. We disagree.

Here, the family court was aware that the child's enrollment in Triumph Academy was not secured because Father testified that he had a backup plan in the event something happened with the child attending Triumph Academy. Notably, Father enrolled the child into Triumph Academy a mere two days after the family court made its oral ruling

---

[7] West Virginia Code § 51-2A-10(a) provides, in part, that:

[a]ny party may file a motion for reconsideration of a . . . final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

designating him as "school parent." The child was accepted into Triumph Academy approximately two and a half weeks into the school year, but it was Mother who requested for the child to remain at Sterling Elementary[8] because she was already "established." As the family court stated in its order:

> Mother's basis for not transferring the child to Triumph Academy a mere two to three weeks into the school year was that the child was "established" and yet, she finds no harm in transferring the child to school in West Virginia during the middle of the school year. To the extent that the child attending Sterling Elementary, rather than Triumph Academy as anticipated in the Final Order, is new evidence, the Court finds that the new evidence (or rather new circumstance) was a product of Mother's own actions.

It would be disingenuous for Mother to reap the benefit when it was her conduct that caused the child to not attend Triumph Academy. Thus, we find that the child attending Sterling Elementary instead of Triumph Academy did not merit reconsideration of the final order and the family court's finding that the child had more educational opportunities in Michigan was not erroneous.

In her second assignment of error, Mother argues that the family court erred in finding that Father's ability to transport the child favored designating him as "school parent" because the child rides a school bus in Michigan, and she would also be riding a school bus in West Virginia. In support of her argument, Mother avers that Father does not have daily reliable transportation because his fiancée uses their only vehicle to go to work. She further argues that the family court improperly drew a correlation between Mother's past transportation issues and the child riding a school bus because Mother has no transportation issues that would impact the child attending school on a daily basis. We disagree.

Mother's argument is misplaced because the family court's concerns regarding the child riding the school bus in West Virginia did not revolve around the mode of transportation; it was because Mother would have to rely on third parties to get the child on and off the school bus. However, in Michigan, Father himself has the ability to get the child to and from the school bus. Thus, the child riding the school bus in Michigan did not merit reconsideration of the final order and the family court's finding that Father has reliable transportation was not erroneous.

---

[8] Testimony revealed that Sterling Elementary also had a S.T.E.M. program, exceptional extracurricular and athletic programs, and was overall an excellent school.

A motion for reconsideration is simply not an opportunity to relitigate facts upon which a court has already ruled. In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), (*overruled on other grounds*), the Supreme Court of Appeals of West Virginia found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. Where the motion is nothing more than a request that the court change its mind, it is not authorized by Rule 60(b). *See Kerner v. Affordable Living, Inc.*, 212 W. Va. 312, 314-15, 570 S.E.2d 571, 573-74 (2002).

Upon our review and consideration of the record on appeal, Mother did not set forth any basis in her motion for reconsideration except to reargue facts and theories upon which the family court had already ruled. The family court's order denying reconsideration was thorough and addressed each issue that Mother attempted to relitigate. Therefore, we conclude that the family court did not abuse its discretion or clearly err when it ruled that Mother failed to provide evidence which warranted relief from the final order.

Accordingly, we affirm the family court's April 18, 2023, final order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6